Samsung Elecs. Co., Ltd. v MPEG LA, L.L.C.
2026 NY Slip Op 03518
June 4, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Samsung Electronics Co., Ltd., Plaintiff-Appellant,
v
MPEG LA, L.L.C., Defendant-Respondent.

Decided and Entered: June 04, 2026
Index No. 656312/22|Appeal No. 6807|Case No. 2025-03496|
Before: Scarpulla, J.P., Shulman, Higgitt, O'neill Levy, Chan, JJ.

Quinn Emanuel Urquhart & Sullivan, LLP, New York (William B. Adams of counsel), for appellant.
Sullivan & Cromwell LLP, New York (Garrard R. Beeney of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about May 5, 2025, which, to the extent appealed from as limited by the briefs, granted defendant's motion for leave to renew its motion for summary judgment dismissing plaintiff's breach of contract claim to the extent that royalties were collected after a 2024 amendment, and, upon renewal, granted the motion, unanimously modified, on the law, to deny defendant's motion for summary judgment, and otherwise affirmed, without costs.
Supreme Court properly granted defendant leave to renew. However, upon renewal, the court should have adhered to its prior determination. It is undisputed that the going-forward provision of the 2024 amendment would have affected revenue allocations under the parties' agreement among licensors (AAL) by reducing the apportioned share of revenues to terminated licensors by 50% and re-apportioning those shares to remaining licensors. The 2024 amendment therefore triggered the voting requirements of section 6.1(1) of the AAL. As contemplated by that section, there are two "supermajority" requirements necessary to obtain approval of the contemplated amendment. First, under section 6.1(1)(i), any amendment impacting allocations among parties required the vote of "[80%] of current Licensors." Second, under section 6.1(1)(ii), such an amendment also needed the approval of "any group of Licensors that collectively received [80%] of the royalty distributions over the [12-]month period preceding any such vote." Here, the record before Supreme Court established that 2024 amendment only received a "yes" vote from entities receiving 58.6% of total royalty distributions during that period. Thus, based on the plain terms of the AAL, the 2024 amendment failed to receive the requisite number of votes required by section 6.1(1)(ii) (see Samsung Elecs. Co., Ltd. v MPEG LA, L.L.C., 242 AD3d 433, 433 [1st Dept 2025]; see also Samsung Elecs. Co., Ltd. v MPEG LA, L.L.C., 235 AD3d 603, 603-604 [1st Dept 2025], lv denied 44 NY3d 906 [2025]).
[*2]
Defendant's argument that the term "Licensors" in section 6.1(1)(ii) excludes plaintiff and other terminated licensors is unavailing. While section 6.1(1)(ii) refers to "Licensors," section 6.1(1)(i) refers to "current Licensors." "The use of different terms in the same agreement . . . implies that they are to be afforded different meanings" (Platek v Town of Hamburg, 24 NY3d 688, 696 [2015]). A contrary interpretation would fail to account for the full context of section 6.1 and improperly render the word "current" superfluous (see By Design LLC v Samsung Fire & Mar. Ins. Co. Ltd. [U.S. Branch], 173 AD3d 590, 591-592 [1st Dept 2019];MPEG LA, LLC v Samsung Elecs. Co., Ltd., 166 AD3d 13, 20 [1st Dept 2018], lv denied 32 NY3d 912 [2018]). Nor would this interpretation, as defendant suggest, give the terminated "Licensors" a perpetual veto power. Indeed, section 6.1(1)(ii) places a temporal limitation on the calculation of the 80% threshold, i.e., any group of "Licensors" "receiving royalty distributions over the 12-month period preceding the vote."
Defendant's contention that terminated "Licensors" are no longer "Parties" under the AAL and therefore are no longer "Licensors" is similarly unavailing. Although, under the AAL, being a party is a necessary condition for being a licensor, terminated "Licensors" may still be parties based on those terms' respective definitions. Accordingly, to avoid rendering a portion of this definition superfluous, plaintiff, who is undisputably a signatory to the AAL, must be deemed a "Party" under the plain terms of the agreement and therefore encompassed within the term Licensor (see MPEG LA, 166 AD3d at 20; Dibrino v Rockefeller Ctr. N., Inc., __ NY3d __, 2025 NY Slip Op 07077, *4 [2025] ["We have long and consistently ruled against any construction which would render a contractual provision meaningless or without force or effect"] [internal quotation marks omitted).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 4, 2026